# EXHIBIT 1

**Exhibit 1**

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information            02/05/2021 9:54 AM

**Court :** [ 048 ▾ ]   **Case :** [ 322364 ]   [ Search ]   [ New Search ]   ☐ Show Service Documents ONLY

**Cause Number : 048-322364-20**            **Date Filed : 12-22-2020**

KIMBERLY REED   **| VS |**   KROGER TEXAS L.P.

**Cause of Action :** INJURY OR DAMAGE, PREMISES

**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 12-22-2020 | PLTF'S ORIG PET & WRITTEN REQ/DISCOVERY TO DEFN | 📄 | N | $289.00 | |
| 12-22-2020 | PAYMENT RECEIVED trans #1 | | Y | | $289.00 |
| 12-22-2020 | CIT-ISSUED ON KROGER TEXAS LP-On 12/23/2020 | 📄 | N   Svc | $8.00 | |
| 12-22-2020 | PAYMENT RECEIVED trans #3 | | Y | | $8.00 |
| 02-01-2021 | DEFN'S ORIG ANS | 📄 | | | $0.00 |
| 02-03-2021 | CIT RET OF SVC-KROGER TEXAS LP-CANNOT BE CHECKED IN BECAUSE CERT MAIL GREEN CARD NOT PROVIDED | 📄 | | | $0.00 |

# EXHIBIT 2

Exhibit 2

FILED
TARRANT COUNTY
12/22/2020 11:11 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-322364-20

| | |
|---|---|
| **KIMBERLY REED** | **IN THE DISTRICT COURT** |
| **vs.** | |
| | **_____ JUDICIAL DISTRICT** |
| **KROGER TEXAS L.P.** | |
| | **TARRANT COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION
### AND WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** the above captioned Plaintiff complaining of and against the above captioned Defendant, and for cause of action would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends that discovery be conducted under **Level 2** as provided by TEX. R. CIV. P. 190, and affirmatively pleads that this suit is NOT governed by the expedited-action process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.

### CLAIM FOR RELIEF

2.     Plaintiff prefers to have the judge or jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the judge or jury's hands. However, Rule 47 of the Texas Rules of Civil Procedure *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that relief over $100,000 but not more than $200,000, in amount to be determined by the judge or jury, is being sought.

## PARTIES

3.    Plaintiff: Kimberly Reed is an individual residing in Arlington, TX, whose Social Security number ends in 554.

4.    Defendant: KROGER TEXAS L.P. is a limited partnership that may be served with citation through its registered agent for service, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever said Defendant may be found within the State of Texas. **Issuance of citation is requested at this time.**

5.    In the event any parties are misnamed or not included in this pleading, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of the parties named in this pleading.

## JURISDICTION & VENUE

6.    This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy is within the jurisdictional limits of this Court. The court has personal jurisdiction over the Defendant, KROGER TEXAS L.P., because it maintains minimum contacts with the State of Texas.

7.    Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.001 *et. seq.*, venue is proper in Tarrant County, Texas because the cause of action occurred in whole or in part in said county and/or said county is the county of a Defendant's principal office in this state.

## FACTUAL BASIS SUPPORTING CLAIMS FOR RELIEF

8.    Defendant was the owner and/or operator in possession of the premises, Kroger Grocery Store located at 945 W. Lamar Boulevard in Arlington, Tarrant County, Texas 76012.

9.    On or about March 2, 2019, Plaintiff entered the premises with Defendant's

knowledge and for their mutual benefit. Plaintiff was an invitee on the premises in question. While shopping in the dairy aisle, Plaintiff slipped and fell on broken eggs that were on the floor. Defendant knew or reasonably should have known of the condition of the premises. Defendant and their agents or employees were aware that the eggs were on the floor and thus, should have known that the eggs on the floor could easily cause a customer to slip and fall. Defendant should have taken steps to clean the eggs from the floor or warn Plaintiff and other invitees that there was a slipping hazard on the floor.   Plaintiff entered the premises with Defendant's knowledge and for their mutual benefit. Plaintiff was an invitee on the premises in question.

## NEGLIGENCE OF DEFENDANT

10.    There existed a condition on the premises of Defendant which posed an unreasonable risk of harm to Plaintiff, as specifically above alleged.

11.    Defendant knew or reasonably should have known of the dangerous condition. Specifically, Plaintiff alleges that an employee of Defendant had actual knowledge of the dangerous condition. In the unlikely event that Defendant can establish no employee had actual knowledge of the condition, Plaintiff alleges that had Defendant exercised ordinary care by inspecting the premises, Defendant would have had actual knowledge of the dangerous condition.

12.    Defendant had a duty to inspect and remedy hazardous conditions such as the substance on the floor which caused Plaintiff's fall, but did not do so, nor did Defendant adequately and appropriately warn Plaintiff of the condition.

13.    As a direct and proximate result of the foregoing acts and/or omission by Defendant, Plaintiff sustained bodily injuries and other damages as provided below.

## DAMAGES FOR PLAINTIFF

14.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered

serious and disabling personal injuries.

15.     Plaintiff has incurred the following damages:

(1)     Reasonable medical care and expenses in the past. These expenses were incurred by
Plaintiff for the necessary care and treatment of the injuries resulting from the
incident made the basis of this lawsuit and such charges are reasonable and were
usual and customary charges for such services;

(2)     Reasonable and necessary medical expenses in the future;

(3)     Physical pain and  suffering in the past and future;

(4)     Mental anguish in the past and future;

(5)     Physical impairment in the past and future;

(6)     Lost wages in the past;

(7)     Loss of earning capacity which will, in a probability, be incurred in the future; and

(8)     Disfigurement in the past and future.

## REQUEST FOR DISCLOSURE

16.     Pursuant to TEX. R. CIV. P. 194, each Defendant named in this pleading is requested

to disclose, within 50 days of service of this request, the information or material as set forth in TEX.

R. CIV. P. 194.2 (a) - (l). Each written response must be preceded by the request to which it applies.

17.     The originals or copies of documents and other tangible items requested must be

produced for inspection and copying at the law offices of David S. Kohm & Associates, 1414 W.

Randol Mill Road, Suite 118, Arlington, Texas 76012, within 50 days after service fo this request,

together with a written response.

18.     No objection or assertion of privilege is permitted to a request under this rule. The

response must be signed.

## INTERROGATORIES TO DEFENDANT

19. Plaintiff hereby serves the following interrogatories on Defendant, KROGER TEXAS L.P., pursuant to TEX. R. CIV. P. 192 and 197. Defendant is expected to answer the following interrogatories separately, fully, in writing and under oath as required by TEX. R. CIV. P. 197.2. Plaintiff requests that Defendant timely and promptly supplement answers to these interrogatories.

20. Plaintiff submits the following interrogatories to Defendant, KROGER TEXAS L.P.:

(1) Identification of Relevant Parties. Please fully identify (name, address, and telephone number) the persons or entities principally responsible for the inspection, maintenance, and cleaning of the portion of the premises where the incident made the basis of this lawsuit occurred at or near the time of the time of the incident.

(2) Description of How Incident Occurred. Describe how you contend the incident made the basis of this lawsuit occurred. If you have alleged any affirmative defenses or inferential rebuttals relating to liability issues, please identify the affirmative defense or inferential rebuttal raised (your legal theory) and state the factual basis supporting each legal theory you have identified.

(3) Policies and Procedures. Please identify and describe Defendant's policies, procedures, and guidelines relating to a liquid or wet substance on the floor of Defendant's premises on or about the time of the incident made the basis of this lawsuit.

(4) Identification of Documents or Tangible Items. Identify, with reasonable particularity, all tangible things, documents, or electronically stored information (whether made before, at or after the incident made the basis of this lawsuit) which show, measure, or record: (1) the area where the incident occurred, (2) persons involved in the incident, (3) objects involved in the incident, and (4) the events and happenings of the incident. For purposes of this interrogatory, "Identify" means to state the nature of the item, date of creation or collection of the item, the identify of who was involved in creation or collection of the item, who has the item, where the item is stored, and in what format it is stored.

(5) Identification of Documents. Identify, with reasonable particularity, any government or industry standards, statutes, or regulations which you contend support the condition or use of the Premises at the place and at the time of Plaintiff's fall.

(6)    <u>Identification of Documents.</u> If you have any procedures or policies which are intended to prevent slip and fall accidents which were in place at the time of the incident, identify all written documents with reasonable particularity.

(7)    <u>Inspection of Premises.</u> With regard to the last inspection of the area where Plaintiff fell, state:

      a.    The time the area was inspected and/or cleaned;
      b.    The employee who inspected and/or cleaned the area;
      c.    The tasks done to inspect and/or clean the area; and
      d.    How the information in section a-c above were derived (i.e. maintenance log, verbal account of the employee, etc.)

(8)    <u>Plaintiff's Claims for Damages.</u> If you contend that any medical treatment Plaintiff received as a result of this incident was not medically reasonable and/or necessary, please state the following:

      a.    The provider's name for the treatment found to be not medically reasonable and/or necessary;
      b.    The dollar amount of treatment found to be not medically reasonable and/or necessary;
      c.    The specific treatment found not to be medically reasonable and/or necessary; and
      d.    The basis for the contention the treatment is not medically reasonable and/or necessary.

(9)    <u>Conversations at Scene of Incident.</u> Describe all oral or written statements made by Plaintiff (other than those made in depositions or medical records) in regard to the incident made the basis of this lawsuit. conversations you had at the scene of the incident made the basis of this lawsuit with any person as well as all statements you overheard any party to this lawsuit or witness make concerning any of the events, injuries, or damages which form the basis of this lawsuit.

(10)    <u>Report of Incident.</u> State the date and time you reported the incident made the basis of this lawsuit to the insurance company providing insurance coverage to you and/or the premises involved in the incident made the basis of this lawsuit.

(11)    <u>Impeachment Evidence.</u> If you intend to impeach any party or person, identified as a person with knowledge of relevant facts by any party to this lawsuit, with evidence of a criminal conviction pursuant to TEX. R. EVID. 609, then describe such evidence including the name of the accused, nature of the conviction, and the charges on which convicted, year of conviction, and whether or not parole has been successfully completed.

(12)    <u>Alcohol and Drugs.</u> Do you allege that anyone involved in the incident made the basis of this lawsuit ingest an alcoholic beverage, controlled substance, drug, prescription or non-prescription medication in the 24 hour period immediately preceding the incident made the basis of this lawsuit? If yes, please identify who you so allege and describe the type of beverage or substance and amount ingested.

(13)    <u>Identification of Investigative Material.</u> If you or your representatives have conducted, or caused to be conducted, any investigation into the facts and circumstances surrounding the accident, state for each such investigation the following (note - the identity of the person conducting the investigation is not work product, nor is the information about witness statements):

    a.    The identity (name, address, and telephone number) of the person who conducted the investigation and their title;

    b.    The date or dates on which the investigation was conducted;

    c.    The identity of the speaker of each statement obtained by the investigator, including the name and address of the person who made the statement, the date on which the statement was made, and whether the statement was signed; and

    d.    The identity (name, address, and telephone number) of the person who has present custody of each statement obtained by the investigator.

(14)    <u>Identification of Photographic Evidence.</u> If you or any of your representatives have obtained any photographs of the scene of the incident, any party involved, the Plaintiff, or photographs that pertain to the manner in which the incident occurred, state for each such photograph:

    a.    The date on which the photograph was taken;

    b.    The time at which the photograph was taken;

    c.    The identity (name, address, and telephone number) of the person who took the photograph;

    d.    The nature of the scene the photograph depicts; and

    e.    The identity (name, address, and telephone number) of the person who has present custody of the photograph.

(15)    <u>Witnesses to Incident.</u> If you contend that there were witnesses to the incident made the basis of this lawsuit, or the events and circumstances surrounding the incident, (other than the parties to this lawsuit), then identify (name, address, and telephone number) each such witness and disclose the knowledge that the witness purports to have as to the incident made the basis of this lawsuit.

(16)    <u>Insurance Coverage Issues:</u> In connection with the incident made the basis of this lawsuit, please state whether or not any insurance company has denied you coverage, indicated that it is reserving its right to deny you coverage, refuses to provide you a

legal defense to this lawsuit, or refuses to pay all or part of any judgment in this lawsuit, and, if so, please identify every document containing or referring to any such denial of coverage, refusal of defense, or reservation of rights.

(17)   Identification of Documents. Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any act or omission on the part of Plaintiff caused or contributed to the incident made the basis of this lawsuit.

(18)   Identification of Documents Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any factor, other than you, contributed to or was the sole cause of the incident made the basis of this lawsuit, including but not limited to, acts, or omissions of negligence of any other party or parties, third-party Defendants, sudden emergency, unavoidable accident, mechanical defect, or act of God.

(19)   Identification of Documents Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff.

(20)   Identification of Documents Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that any of the medical expenses paid or incurred by Plaintiff for treatment of injuries allegedly resulting from the incident in question were not reasonable and/or necessary.

(21)   Identification of Documents Identify, with reasonable particularity, any documents which constitute or contain any evidence in support of your contention that Plaintiff's injuries, if any, were not the result of or caused by the incident made the basis of this lawsuit.

## REQUEST FOR PRODUCTION TO DEFENDANT

21.   Plaintiff hereby serves Defendant, KROGER TEXAS L.P., with these requests for production of documents and tangible items pursuant to TEX. R. CIV. P. 196. All information responsive to these requests that is not privileged and that is in your possession, custody, or control is to be produced. Pursuant to TEX. R. CIV. P. 192.7, "possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession of the

items that is equal or superior to that of the person who has physical possession of the item.

22.　If any of the information is solely in electronic or magnetic form, you must produce this information by providing the information on a computer disc formatted for PC-compatible (Windows) computers with a notation identifying the computer program (including version identification) necessary to access the information.

23.　All items requested are to be produced for inspection, examination, and/or coping at the law offices of David S. Kohm & Associates, located at 1414 W. Randol Mill Road, Suite 118, Arlington, Texas 76012. You are instructed to produce the original requested items at the place indicated at 10:30 a.m. on the 51st day following the date of service of this request (or, if the 51st day is on a Saturday, Sunday or legal holiday, on the first day following the 51st day that is not a Saturday, Sunday or legal holiday), or, at your option, you may attach true and correct copies of the items requested to your response.

24.　Pursuant to TEX. R. CIV. P. 196.3, you must either produce the documents and tangible items as they are kept in the ordinary course of business or organize and label them to correspond to the categories in this request.

25.　If any document or tangible item for which production is requested has been lost or destroyed, for each such document, (a) state the circumstances relating to the loss or destruction of such document or tangible item, (b) the approximate date of the loss or destruction, (c) a reasonably complete description of the contents of such documents or tangible items; and (d) each and every person who has or may potentially have knowledge of relevant facts concerning the circumstances of the document's or tangible item's loss or destruction, and that person's last known address and telephone number.

26.     Plaintiff submits the following requests to Defendant, KROGER TEXAS L.P.:

(1)     Produce all photographs, videos, illustrations, animations, and electronic images depicting the location(s) where the incident which forms the basis of this lawsuit took place.

(2)     Produce all photographs, videos, illustrations, animations, and electronic images depicting the incident which forms the bassi of this lawsuit, including but not limited to the events leading up to the incident as well as any of the events occurring at the scene of the incident.

(3)     Produce all photographs, videos, illustrations, animations, and electronic images depicting any property which was damaged as a result of the incident made the basis of this lawsuit.

(4)     Produce all photographs, videos, illustrations, animations, and electronic images depicting any injuries sustained by any person as a result of the incident made the basis of this lawsuit;

(5)     Produce all photographs, videos, illustrations, animations, and electronic images depicting any party to this lawsuit.

(6)     Produce all photographs, videos, illustrations, animations, and electronic images depicting all illustrations or other graphic re-creations or animations of the incident made the basis of this lawsuit.

(7)     Produce all photographs, videos, illustrations, animations, and electronic images depicting illustrations or other graphic re-creations or animations of any injuries sustained in the incident made the basis of this lawsuit.

(8)     Produce all photographs, videos, illustrations, animations, and electronic images depicting illustrations or other graphic re-creations or animations of any medical procedures which were undergone or may be undergone by any party to this lawsuit as a result of the incident made the basis of this lawsuit.

(9)     Produce all documents relating to the creation, adoption, and implementation and/or use of Defendant's safety policies and procedures in effect at the time of the incident made the basis of this lawsuit.

(10)    Produce all documents, manuals, materials, policies, procedures, and guidelines that Defendant uses, distributes, or consults in connection with the inspection and/or maintenance of its premises in a safe condition.

(11)    Produce all investigative reports relating to the incident in question, including all

documents, memoranda, photographs, videotapes, movies, statements, incident reports, drawings, communications, and tangible things attached to such reports, or referred to therein, which were generated or obtained by or on behalf of the Defendant or which were generated or obtained by or on behalf of the Defendant in the ordinary course of business.

(12)     Produce a true, correct and legible copy of any criminal records relating to any party in this lawsuit or any person designated as having knowledge of relevant facts by any party in this lawsuit.

(13)     Produce a copy of all police reports, fire department reports, and other governmental reports regarding or relating to the incident which forms the basis of this lawsuit.

(14)     Produce a complete copy of all medical records, reports, diagnostic film studies, prescriptions, medical bills as well as a copy of all documents from any health care provider pertaining or relating to Plaintiff which you have obtained through subpoena, subpoena duces tecum, deposition, deposition by written questions, or other means.

(15)     Produce a complete copy of all employment records, reports, personnel files, wage statements, or other employment documentation pertaining or relating to Plaintiff which you have obtained from any source through subpoena, subpoena duces tecum, deposition, deposition by written questions, or other means.

(16)     Produce all drawings, maps, or sketches of the scene of the incident made the basis of this lawsuit.

(17)     If a scheduling order or other order of the Court has been entered in this lawsuit which requires disclosure or production of trial exhibits, then produce a copy of all such trial exhibits.

(18)     Produce or make available for inspection, copying, or photographing any models, demonstrative aids, power point displays, animations, and any other demonstrative exhibits you intend to show to the jury in this case.

(19)     Produce all documents constituting or containing evidence of medical reviews and/or audits conducted on any of Plaintiff's medical treatment or expenses, including correspondence between you (or anyone acting on your behalf) and the medical review personnel or panel.

(20)     Produce all documents, including pleadings, discovery responses, depositions, or trial transcripts, from any other lawsuits in which you were a party and any party sought damages for personal injuries in the past ten (10) years.

(21)   Produce all documents, reports, publications, codes, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you contend support any of your defensive legal theories in this lawsuit.

(22)   Produce the entire claim and investigations file of your insurance company, including but not limited to, statements, reports, video recordings, audio recordings, drawings, memoranda, photographs, and documents, regarding the accident generated or obtained by you, your agents, or your insurance carriers in the ordinary course of business. Note that this information is generally not work product and contain discoverable information. *See* In re Ford Motor Company, 988 S.W.2d 714, 719 (Tex. 1988); *see also,* Dunn Equipment vs. Gayle, 725 S.W.2d 372, 374-375 (Tex. App. - Houston [14th Dist.] 1987, original proceeding).

(23)   Produce all correspondence, communication, letters, notes of oral conversations, and all other documents or writing sent to or received from or exchanged by and between you and your insurance carrier concerning the subject matter of this lawsuit. Note that this information is generally not work product and contain discoverable information. *See* In re Ford Motor Company, 988 S.W.2d 714, 719 (Tex. 1988); *see also,* Dunn Equipment vs. Gayle, 725 S.W.2d 372, 374-375 (Tex. App. - Houston [14th Dist.] 1987, original proceeding).

(24)   Produce all documents, correspondence, memoranda, notes, or electronic mail regarding communications between you (or your insurance carrier) and Plaintiff's insurance carrier regarding the incident made the basis of this lawsuit.

(25)   Produce a copy of each primary, umbrella, or excess insurance policy or agreement, including the declarations page, which was in effect at the time of the incident made the basis of this lawsuit, including all non-waiver agreements, reservations of rights letters, or other documents or communications regarding any contractual obligations owed by you.

(26)   Produce all documents regarding all other claims currently being made against your insurance policies for incidents other than the incident made the basis of this lawsuit.

(27)   Produce all documents regarding all other claims made against your insurance policies pertaining or related to the incident made the basis of this lawsuit, other than the claim made by Plaintiff.

(28)   Produce all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this lawsuit or its representatives, agents, insurers regarding any compromise, settlement, apportionment of liability, or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

a.   The incident made the basis of this lawsuit;

b.   Plaintiff's damages;

c.   The presentation of any testimony;

d.   The presentation of any testimony;

e.   Whether or how to conduct any cross examination;

f.   The performance of discovery; and/or

g.   The presentation of any defense, excuse, or inferential rebuttal.

(29)   Produce all calendars, journals, diaries, logs, or notes kept by you covering the month of the incident made the basis of this lawsuit.

(30)   Produce all documents identified by you in response to Interrogatory Numbers 4 - 6, 14, and 17 - 21 above submitted.

(31)   Produce all written instructions, procedures, manuals, specifications, or handbooks for cleaning and maintaining floors at the premises where the incident made the basis of this lawsuit occurred. This request for production includes, but is not limited to, Defendant's instructions, the instructions used by any contracted maintenance personnel, and all labels on the products and machines used in cleaning and maintaining the floors.

(32)   Produce any table of organization of Defendant and any directory which shows any or all of the job titles or the names of persons in the line of authority regarding the maintenance of floors from Defendant's president, or Chief Executive Officer, down through the organization to the person actually doing the physical work of maintaining floor surfaces for the safety of customers. For purposes of this request, "any directory" includes, but not as a limitation, any directory used by your receptionists. If you do not have a complete table of organization or company directory, produce the partial ones you do have.

## REQUEST FOR ADMISSIONS TO DEFENDANT

27.   Plaintiff hereby serves the following requests for admission on Defendant, KROGER

TEXAS L.P., as allowed by Texas Rule of Civil Procedure 198. Defendant, KROGER TEXAS

L.P., must admit or deny each request, in writing, within 50 days after service:

(1)   Admit or Deny that Defendant owned the property at 945 W. Lamar Blvd, Arlington, TX 76012 on 3/2/2019.

(2)   Admit or Dent that Defendant was operating the Kroger store located at 945 W. Lamar Blvd, Arlington, TX 76012 on 3/2/2019.

(3)     Admit or Deny that Kimberly Reed was an invitee at the Kroger store located at 945 W. Lamar Blvd, Arlington, TX 76012 on 3/2/2019.

(4)     Admit or Deny that Kimberly Reed was injured at the Kroger store located at 945 W. Lamar Blvd, Arlington, TX 76012 on 3/2/2019.

(5)     Admit or Deny that no warning signs were in place prior to this incident on 3/2/2019.

(6)     Admit or Deny that Kroger employees were aware that there were broken eggs on the floor prior to the time of the incident on 3/2/2019.

(7)     Admit or Deny that the broken eggs were on the floor for more than 5 minutes prior to Plaintiff's fall on 3/2/2019.

(8)     Admit or Deny that the broken eggs were on the floor for more than 10 minutes prior to Plaintiff's fall on 3/2/2019.

(9)     Admit or Deny that the broken eggs were on the floor for more than 15 minutes prior to Plaintiff's fall on 3/2/2019.

(10)    Admit or Deny that the broken eggs were on the floor for more than 20 minutes prior to Plaintiff's fall on 3/2/2019.

(11)    Admit or Deny that the broken eggs were on the floor for more than 30 minutes prior to Plaintiff's fall on 3/2/2019.

(12)    Admit or Deny that the broken eggs were on the floor for more than 40 minutes prior to Plaintiff's fall on 3/2/2019.

**NOTICE OF INTENT TO UTILIZE ITEMS PRODUCED BY DEFENDANT**

28.     Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter, therefore the authenticity of such items is self-proved as provided by TEX. R. CIV. P. 193.7.

**DESIGNATION OF E-SERVICE ADDRESS**

29.     The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21 (f)(2) and 21a:

**lit-efile@attorneykohm.com**

30.     This is the undersigned attorney's only e-service email address, and service through any other e-mail address should be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following:

1) All damages, both general and special, as alleged in this pleading, within the jurisdictional limits of this court;

2) Prejudgment and post judgment interest at the highest rate allowed by law;

3) Costs of court; and

4) Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____

David S. Kohm
State Bar No. 11658563

DAVID S. KOHM & ASSOCIATES
1414 W. Randol Mill Road, Suite 118
Arlington, Texas 76012
Tel: (817) 226-8100 Fax: (817) 200-0111
Email: lit-efile@attorneykohm.com

ATTORNEYS FOR PLAINTIFF

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240





CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS  78701

# EXHIBIT 3

**Exhibit 3**

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION                                    Cause No. 048-322364-20

KIMBERLY REED
VS.
KROGER TEXAS L.P.

TO: KROGER TEXAS LP

B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX
78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND
WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 48th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

KIMBERLY REED

Filed in said Court on December 22nd, 2020 Against
KROGER TEXAS LP

For suit, said suit being numbered 048-322364-20 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT  a copy of which accompanies this
citation.

DAVID S KOHM
Attorney for KIMBERLY REED Phone No. (817)226-8100
Address    1414 W RANDOL MILL RD STE 118 ARLINGTON, TX 76012

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, Tarrant County, this the 23rd day of December, 2020.

By _____Tamara Colacino_____ Deputy

TAMARA COLACINO

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *04832236420000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

Cause No. 048-322364-20

KIMBERLY REED

VS.

KROGER TEXAS L.P.

ISSUED

This 23rd day of December, 2020

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By     TAMARA COLACINO Deputy

DAVID S KOHM
Attorney for: KIMBERLY REED
Phone No. (817)226-8100
ADDRESS: 1414 W RANDOL MILL RD STE 118

ARLINGTON, TX 76012

*CIVIL LAW*



*04832236420000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

# EXHIBIT 4

**Exhibit 4**

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

### *CITATION*                    *Cause No. 048-322364-20*

#### KIMBERLY REED
VS.
#### KROGER TEXAS L.P.

**TO: KROGER TEXAS LP**

B/S REG AGENT-CORPORATION SERVICE COMPANY 211 E 7TH ST STE 620 AUSTIN, TX
78701-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND
WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 48th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

KIMBERLY REED

Filed in said Court on December 22nd, 2020 Against
KROGER TEXAS LP

For suit, said suit being numbered 048-322364-20 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT  a copy of which accompanies this
citation.

#### DAVID S KOHM
Attorney for KIMBERLY REED Phone No. (817)226-8100
Address    1414 W RANDOL MILL RD STE 118 ARLINGTON, TX 76012

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 23rd day of December, 2020.

By _____
TAMARA COLACINO

A CERTIFIED COPY
ATTEST: 12/23/2020
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Tamara Colacino

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

### OFFICER'S RETURN *04832236420000003*

Received this Citation on the _31st_ day of _December_ ___, _2021_ at __7__ o'clock _A_ M; and executed at
211 E. 7th street, #620, Austin TX 78701 within the county of _Travis_, State of _TX_ at _8:07_ o'clock _A_ M
on the _8th_ day of _January_, _2021_ by delivering to the within named (Def.): _Kroger Texas LP_
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
WRITTEN REQUEST FOR DISCOVERY TO DEFENDANT, having first endorsed on same the date of delivery. by CMRRR # 7018 3090
0000 5972 6052

Authorized Person/Constable/Sheriff _____
County of _____ State of _____ By _____ Deputy
Fees $ _75.00_
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _Heather Bork_ before me this _02_ day of _Feb_, _2021_
to certify which witness my hand and seal of office ___Jacqueline Enelon___

County of _Dallas_ , State of _TX_

JACQUELINE RENDONCERVANTEZ
Notary Public, State of Texas
Comm. Expires 08-13-2024
Notary ID 132623008

ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...

# USPS Tracking®

**FAQs ›**

## Track Another Package **+**

**Tracking Number:** 70183090000059726052

Remove ✕

Your item was picked up at a postal facility at 8:07 am on January 8, 2021 in AUSTIN, TX 78760.

## ⊘ Delivered

January 8, 2021 at 8:07 am
Delivered, Individual Picked Up at Postal Facility
AUSTIN, TX 78760

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

# EXHIBIT 5

**Exhibit 5**

048-322364-20

FILED
TARRANT COUNTY
2/1/2021 8:56 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 048-322364-20

| | | |
|---|---|---|
| KIMBERLY REED, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | 48TH JUDICIAL DISTRICT |
| | § | |
| KROGER TEXAS L.P., | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW Defendant Kroger Texas L.P. (hereafter "Defendant"), and files its Original Answer, and, in support thereof, would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1.      Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### II.
### DEFENSES

2.      Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

3.      Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing Plaintiff's alleged damages, if any.  Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's alleged damages, if any, as

Plaintiff should have kept a proper lookout for her own safety and avoided the alleged unreasonably dangerous condition.

4.      To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6.      Defendant may alternatively show that it adequately warned Plaintiff of the condition, or that the condition was open and obvious, relieving Defendant of any duty to warn of the condition or make it safe.

7.      Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

8.      Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

9.      Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

10.     Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

11.     Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12.     Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

13.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

### III.
### PRAYER

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe
_____

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
PEAVLER|BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on February 1, 2021.

 /s/ B. Kyle Briscoe
_____
B. Kyle Briscoe